[Civ. No. 60169. Second Dist., Div. Two. Jan. 21, 1981.]

EVELYN MARIE JONES, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Everett W. Jones for Plaintiff and Appellant.

John H. Larson, County Counsel, and Melissa A. Taubman, Deputy County Counsel, for Defendant and Respondent.

OPINION

**COMPTON, J.**—In an action brought by a property owner in Los Angeles County to recover real property taxes paid under protest, the trial court dismissed the complaint for lack of jurisdiction over the subject matter. The property owner has appealed. We reverse.

Revenue and Taxation Code section 5096[1] provides the basis for a court action to recover taxes paid under protest. That section mandates the board of supervisors of a county to refund, inter alia, taxes illegally assessed or levied.

A condition precedent to the refund, or the maintenance of an action therefor, is the filing of a claim pursuant to section 5097. That claim requirement is satisfied by the filing of an application with the local county assessment appeals board for reduction of assessment. (§§ 5097, 1603.)

In the case at bench, plaintiff, under protest, paid taxes for the year 1973 on a parcel of unimproved real property, the character and configuration of which we will discuss later. A timely application for reduction in assessment was filed. After hearing before the county assessment appeals board, the application was denied. This action ensued. Plaintiff's position throughout has been that the method of assessment used was invalid.

It seems evident that the trial court did not want for jurisdiction over the subject matter. Hence we must look elsewhere to determine the basis for the judgment of dismissal.

After overruling the county's demurrer to the complaint and denying plaintiff's application for summary judgment, the trial court directed the matter for trial. Plaintiff at that point called the court's attention to several matters in the file of the case, more specifically to the county's responses to certain of plaintiff's interrogatories and requests for admission. Additionally, plaintiff requested the court to take judicial notice of several matters, including the judgment in a related superior court case in Los Angeles County. There is no question but what all of the matters were properly the subject of judicial notice and the county does not contend otherwise.

---

[1] All future statutory references are to the Revenue and Taxation Code unless otherwise indicated.

■ Plaintiff contended that the issue to be resolved by the trial court was purely a question of law and purposely did not offer the administrative record.

The county took the position that the court's "jurisdiction" was limited to a review of the administrative record of the hearing before the assessment appeals board and that the scope of that review was to determine only if the decision of the board was supported by substantial evidence.

Hence, on objection by the county, the trial court refused to consider the matters proffered by plaintiff, rejected plaintiff's offer of proof and dismissed the action. This was error.

■ Generally speaking, an assessment appeals board's decision concerning the valuation of a specific parcel of property is analogous to the judgment of a trial court and the scope of judicial review of that decision and the findings which underly it is limited to determining whether the decision was the result of arbitrary action, an abuse of discretion or a failure to follow legislative standards. (*De Luz Homes, Inc.* v. *County of San Diego* (1955) 45 Cal.2d 546 [290 P.2d 544].)

■ The actions of the assessing authorities are clothed with a presumption of correctness and regularity. They will not be disturbed if there is substantial evidence in the administrative record to support them. (*Campbell Chain Co.* v. *County of Alameda* (1970) 12 Cal.App. 3d 248 [90 Cal.Rptr. 501]; *County of Sacramento* v. *Assessment Appeals Bd. No. 2* (1973) 32 Cal.App.3d 654 [108 Cal.Rptr. 434].)

On the other hand, taxes claimed to be excessive may be set aside when the taxpayer establishes that the assessment was fraudulent, mistaken *or the result of an improper method of valuation.* (*Red Bluff Developers* v. *County of Tehama* (1968) 258 Cal.App.2d 668 [66 Cal. Rptr. 229].)

In *Bret Harte Inn, Inc.* v. *City and County of San Francisco* (1976) 16 Cal.3d 14 [127 Cal.Rptr. 154, 544 P.2d 1354], the Supreme Court traced the recent development of the law applicable to proceedings for challenging assessments and discerned an abandonment of the former drastic test which courts had applied, to wit, whether an assessment practice constituted an arbitrary and wilful disregard of the law and

whether such practice amounted to a *constructive fraud* on the taxpayer. Judicial review now entails a search for "arbitrariness, abuse of discretion or failure to follow standards prescribed by the Legislature."

"...[R]ecent cases have also distinguished between challenges to the result reached by the assessor after applying a sound valuation method and challenges to the validity of the method itself." (*Bret Harte Inn, Inc.* v. *City and County of San Francisco, supra,* at p. 23.)

■ Where the challenge is to the result, the substantial evidence test applies but where the validity of the method of valuation is challenged, the trial court is faced with a question of law.

This principle was well articulated in *Georgia-Pacific Corp.* v. *County of Butte* (1974) 37 Cal.App.3d 461 [112 Cal.Rptr. 327], where it was stated at page 474: "Plaintiff's principal challenge is directed at the method, the technique, the manner of the valuation of... [the] assessor. This presents a legal issue, the judicial review of which is within the province of the trial court."

Relevant to the case at bench, the court in *Georgia-Pacific* went on to state that the trial court could take *additional evidence* on the specific issue.

Another development in the law dealing with assessment practices has resulted from recent increased concern with planning and environmental considerations. The Legislature has enacted statutes to protect land, which is restricted in its use because of open space requirements and environmental limitations, from the traditional tax valuation methods.

■ Sections 402.1 and 402.5 now require assessors to consider the effect on value, of land use restrictions and section 402.5 specifically mandates that when the "comparable sales" method of valuation is used, the comparison land must be subject to the same use restrictions as the specific parcel in question.

The application of sections 402.1 and 402.5 to the scope of judicial review in a case of a challenge to assessment methods was considered in *Dressler* v. *County of Alpine* (1976) 64 Cal.App.3d 557 [134 Cal.Rptr. 554]. It was there held that while facially, the "comparable sales"

method is a valid method for fixing value, the court is empowered to review its application to a specific case to determine whether there was an adequate comparison of useability between the properties. This determination is a question of law.

The property in question here is located in the Santa Monica Mountains. By virtue of the county's 1970 Environmental Development Guide, which serves as the county's general plan, the property is designated as "open space." It is at the present time included in the Santa Monica Mountains National Recreational Area, a federal park developed in conjunction with the county and enjoys a status comparable to that of the Angeles National Forest and the Los Padres National Forest.

In a related superior court action[2] in Los Angeles County in 1972, the court issued an injunction which forbade the county from "issuing building permits, approving subdivision maps, conditional or special use permits or variances, issuing grading permits or adopting zoning ordinances. . ." in regard to the property.

Plaintiff's position is and has been that the property, because of these limitations on use, has only a nominal market value. In 1973, however, the tax year involved in these proceedings, the assessor valued the property at $74,600, and assessed it at 25 percent of that figure or $18,650. The resulting tax was $2,672.68.

The findings of the assessment appeals board, which findings are a part of the record before us, reflect that plaintiff, in the hearings before that body, raised the issue of the effect of the court action and building restrictions on the value of the property and contended that there was no comparable sales by which the assessor could value the property.

The record in this action contains the following admissions and responses to interrogatories by the county: (1) That the tax was levied as above indicated; (2) That plaintiff paid the tax under protest; (3) That the "comparable sales" method and *no other method* was used for valuing the property; (4) That plaintiff's property was subject to the injunction in Moss v. Los Angeles; (5) That none of the "comparable sales" involved property subject to or affected by that injunction; (6)

---

[2]Moss v. Los Angeles (Super. Ct. L.A. Co., No. 39027).

That under the county's general plan, plaintiff's property is excluded from any priority for development, and (7) That plaintiff's property is designated as "open space" and in the same class as the Angeles National Forest and the Los Padres National Forest.

Clearly the issue presented to the trial court was one of law, to wit, whether the assessment of plaintiff's property was the result of an invalid method of valuation. The purported use of the "comparable sales" method based on sales of property which are not subject to the same limitation on use as the property in question is not a valid method of valuing the property.

As was stated in *Dressler* v. *County of Alpine, supra,* 64 Cal.App.3d at pages 569-570: "We do not construe section 402.5 as an inflexible demand for full satisfaction of all the statutory comparability criteria.... [S]tandards of comparability are not absolute. [Citations.] The statute demands only 'sufficient [similarity] to make it clear' that the property sold may 'fairly be considered' as bearing upon the assessment appraisal. Nevertheless, the presumption of propriety may not be inflated or the scope of judicial review deflated at the cost of statutory integrity. *The legislature meant section 402.5 to be obeyed.* In section 1613, it commands county boards of equalization and assessment appeals boards to follow section 402.5. Similarly, in Government Code section 15606, it declares that the rules of the state board of equalization are to 'govern' and that the statute itself is 'mandatory'." (Italics added.)

 Discovery devices, such as the use of interrogatories and requests for admissions, are designed to narrow the issues and save the time and expense of unnecessary proof. Plaintiff here framed the issue for trial as purely a legal one and the county, in its responses to the interrogatories and requests for admissions, admitted the ultimate facts upon which the issue could be determined. It thus became unnecessary, and would indeed have been unduly time consuming, to present the administrative record which presumptively would have established the very facts which the county admitted.

Contrary to the county's assertion, the procedure which plaintiff adopted would not result in a "trial de novo," it would only result in a determination of whether, under the admitted facts, the assessor had acted arbitrarily and failed to follow the legislative standards. For that

purpose the trial court would have been well within its province to examine the evidence proffered by plaintiff in order to determine the legal issue. (*Georgia-Pacific Corp.* v. *County of Butte, supra,* 37 Cal.App.3d 461.)

It seems evident that when property is the subject of a specific injunction limiting its use, there can be no comparison of value drawn from sales of property which are unfettered by such injunction. It may well be that, even with the restrictions on its use, plaintiff's property has some value for tax purposes. That value, however, cannot be determined by reference to sales of property not similarly restricted. (§ 402.5.)

The judgment is reversed with directions to remand the matter to the county assessment appeals board for further proceedings consistent with this opinion.

Fleming, Acting P. J., and Beach, J., concurred.